UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL ORR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-02034-SEB-KMB |
| | ) |
| CENTURION HEALTH, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Michael Orr is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He has filed this civil action alleging that Defendants were deliberately indifferent to his serious mental health needs. Because Mr. Orr is incarcerated, this Court must screen the complaint before service on Defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

1

Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Orr names 14 defendants in the complaint: (1) Indiana Department of Correction (IDOC) Commissioner Christina Reagle; (2) former IDOC Commissioner Robert Carter; (3) Executive Director of Mental Health Services Dr. Deanna Dwenger; (4) Warden Frank Vanihel; (5) Deputy Warden Kevin Gilmore; (6) Captain Randy Vanvleet; (7) Lieutenant Shawn Holcomb; (8) Classification Supervisor Mathew Leohr; (9) Case Worker Randall Purcell; (10) Unit Team Manager Jerry Snyder; (11) Centurion Health of Indiana, LLC; (12) Director of Psychological Health Nikki Tafoya; (13) Psychologist Dr. Mary Sims; and (14) Mental Health Counselor Sarah Clarke. Dkt. 2 at 1−2.

Mr. Orr alleges that he suffers from posttraumatic stress disorder, depression, generalized anxiety disorder, anti-social personality disorder, narcissistic personality disorder, and major depressive disorder. *Id.* at 3. He has been assigned to segregated housing since August 2021. *Id.*

In September 2021, Mr. Orr was on hunger strike protocol, so nursing staff provided wellness checks every 24 hours. *Id.* at 3−4. On September 13, 2021, Ms. Clarke visited Mr. Orr's cell and told him that hunger strike would not change his mental health code or housing situation because it is a behavior choice. *Id.* at 4. Mr. Orr reports that he had lost between 30 and 40 pounds from August 24, 2021, through September 13, 2021. *Id.* He told Ms. Clarke that he was not using a hunger strike to protest his housing situation. *Id.*

On September 21, 2021, Ms. Clarke told Mr. Orr not to "write her questions like a lawsuit" on his healthcare request forms because a hunger strike will not get him seen by a psychologist. *Id.* Mr. Orr reported that he was feeling weak. *Id.* Later that day, Mr. Orr woke up with chest pains.

*Id.* Nursing staff checked his vitals and called for an ambulance. *Id.* at 5. Mr. Orr was admitted to a local hospital for starvation ketosis, dehydration, and liver damage. *Id.*

In the hospital, Mr. Orr received IV fluids, medication, and a few meals. *Id.* at 6. He was released on September 23, 2021. *Id.*

On September 25, 2021, after declining several meals, Mr. Orr was admitted to the prison infirmary for starvation ketosis and dehydration. *Id.*

On September 27, 2021, Dr. Sims diagnosed Mr. Orr with an unspecified serious mental illness and stated that Mr. Orr could not be housed in a specialized mental health unit or any other housing except for segregated housing because Mr. Orr was hunger striking. *Id.*

On September 30, 2021, Mr. Orr was discharged from the infirmary after receiving IV fluids, eating a meal, and receiving prescriptions for psychotropic medications. *Id.* at 7.

Since September 30, 2021, Mr. Orr has been housed in segregated housing. *Id.* He is confined to his cell 24 hours per day, except for indoor or outdoor recreation time. *Id.* He has a cell with a bed, blanket, sink, toilet, desk, and chair. *Id.* The cell is open to the housing range. *Id.* He receives three meals per day. *Id.* Because he is indigent, Mr. Orr cannot order toothpaste, deodorant, nail clippers, toothbrushes, shampoo, lotion, thermal clothing, or gloves. *Id.* He has been on hunger strike "nearly 15 times." *Id.* He faces "a void of meaningful or productive activities." *Id.* at 8.

Mr. Orr contends that all Defendants violated his Eighth Amendment rights and that Defendants Centurion, Commissioner Reagle, and Warden Vanihel violated the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). *Id.* at 8−10. He seeks damages and injunctive relief. *Id.* at 10−11.

### III. Dismissal of Complaint

Based on the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

#### A.     Claims Based on Ongoing Conditions

The focus of Mr. Orr's complaint is a series of events that occurred in September 2021. However, he also makes some allegations about his conditions of confinement since that time. *See* dkt. 2 at 7, 9−10. He contends that the conditions of confinement in segregated housing have denied him "the minimum human necessities to meaningful contacts and some level of opportunity for sensory enrichment." *Id.* at 9−10.

All Eighth Amendment claims based on Mr. Orr's conditions of confinement since September 2021 are **DISMISSED** for failure to state a claim upon which relief may be granted. To succeed on an Eighth Amendment claim based on the conditions of segregated housing, Mr. Orr must demonstrate "some egregious deprivation" beyond mere isolation that crated an excessive risk to his health and safety. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (no Eighth Amendment violation based on 10-year commitment to solitary confinement). Mr. Orr has not alleged any such conditions.

To the extent Mr. Orr seeks to assert claims under the Rehabilitation Act and Americans with Disabilities Act based on post-September 2021 events, all such claims are **DISMISSED** for failure to state a claim upon which relief may be granted. The Rehabilitation Act provides, in relevant part, that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794. Similarly, the Americans with Disabilities Act provides, in relevant

part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Mr. Orr has not identified any act of discrimination or any service he has been denied based on any disability.

### B.    Claims Based on September 2021 Events

All claims based on events that occurred in September 2021 are **DISMISSED** as untimely.

Untimeliness is an affirmative defense, but a claim may be dismissed sua sponte if "'the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous.'" *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); see also *Koch v. Gregory*, 536 F. App'x 659, 660 (7th Cir. 2013) (when complaint's allegations plainly show it is untimely, dismissal under § 1915A is appropriate).

"[I]n § 1983 actions, federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place. In Indiana, such claims must be brought within two years." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citation omitted). This is also true for ADA and Rehabilitation Act claims. *See Rutledge v. Ill. Dep't of Human Servs.*, 785 F.3d 258 (7th Cir. 2015) (applying state personal-injury statute of limitations to Rehabilitation Act claims); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547 (7th Cir. 1996) (same for ADA claims). And a claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Serino*, 735 F.3d at 591.

Here, Mr. Orr alleges a discrete set of events ending on September 30, 2021, when he was discharged from the prison infirmary. *See* dkt. 2 at 3−7. The statute of limitations for any claims based on these events therefore began to run on September 30, 2021, the date of his release, when

the alleged wrongdoing ended. *Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 669 (7th Cir. 2018) ("When a wrong is ongoing rather than discrete, the period of limitations does not commence until the wrong ends. Notice that we speak of a continuing wrong, not of continuing *harm*; once the wrong ends, the claim accrues even if that wrong has caused a lingering injury." (citation omitted; emphasis retained)).

Mr. Orr's deadline to file a timely complaint based on these allegations was thus October 2, 2023—the first business day after Saturday, September 30, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C). But he did not file this suit until November 8, 2023. Dkt. 1. All claims based on September 2021 events are therefore **DISMISSED** as untimely.

### IV. Opportunity to File an Amended Complaint

Because the Court has been unable to identify a viable claim for relief, the complaint is subject to dismissal. The Court will not yet dismiss the entire action. Instead, Mr. Orr shall have **through April 12, 2024, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:23-cv-1830, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Mr. Orr files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed by the above deadline, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 3/28/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Orr
133175
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838